UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARLA SENEFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:17-cv-4126 |
| | ) |
| INDIANA UNIVERSITY | ) |
| HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Marla Seneff (hereinafter "Seneff"), by counsel, files this Complaint and Demand for Jury Trial against his former employer, Defendant Indiana University Health, Inc. ("IU Health") under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

**I.     PARTIES, VENUE, AND JURISDICTION**

1.     Seneff is a citizen of Indiana and resident of Noblesville, Indiana.

2.     IU Health is a domestic nonprofit corporation organized and incorporated under the laws of Indiana with its principal place of business located in Indianapolis, Indiana.

3.     At all relevant times, Ms. Seneff was an "employee" of IU Health as defined in the Age Discrimination in Employment Act, 29 U.S.C. § 630(f).

4.     At all relevant times, IU Health was an "employer" as defined in the Age Discrimination in Employment Act, 29 U.S.C. § 630(b).

5.     This Court has personal jurisdiction over Plaintiff and Defendant and venue is proper in this Court.

6. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, in that the claims arise under the laws of the United States, and particularly the Age Discrimination in Employment Act (ADEA).

7. Venue is proper pursuant to 28 U.S.C. § 1391, in that IU Health is subject to personal jurisdiction in the Southern District of Indiana, IU Health regularly conducts business activities within the Southern District of Indiana, and the events giving rise to the claims occurred in the Southern District of Indiana.

8. Seneff satisfied her requirement to exhaust administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 6, 2017, against IU Health alleging age discrimination.

9. On or about October 11, 2017, the EEOC issued a Notice of Right to Sue related to Seneff's Charge of Discrimination.

## II. FACTUAL ALLEGATIONS

10. Seneff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

11. Seneff is over 40 years old.

12. Seneff was employed as an Ultrasound Technologist for Methodist Hospital/IU Health beginning in 1979.

13. Seneff most recently held the position of Team Lead for the Radiology Ultrasound Department.

14. Seneff's immediate supervisor was Wendy McDougall ("McDougall"), the Radiology Operations Manager.

15. On or about February 21, 2017, Seneff attended a monthly supervisor meeting with McDougall and others, including Todd Stanley ("Stanley"), the Director of Radiology Academic Health Center, who is McDougall's direct supervisor.

16. Before the February 21, 2017 meeting started, McDougall said to Seneff, "I missed your birthday last month, didn't I?" and "It was the big one, 60?"

17. Seneff was embarrassed by McDougall's comment, shrunk back down in her chair, and did not respond to McDougall.

18. McDougall then said to Seneff "Well maybe you can retire early, since your husband didn't have a job for a few years back, and he owes you a few years, doesn't he?"

19. No one said anything in response to McDougall's comments, which were witnessed by at least ten people who were present at the meeting.

20. On or about February 22, 2017, Seneff was working on an ultrasound scan and a recently hired technician, Michelle Davis ("Davis"), was present and observing Seneff.

21. After the ultrasound, Seneff learned the McDougall wanted to see her.

22. McDougall told Seneff that Davis was upset and crying because Seneff had been rude to her and Seneff needed to go home.

23. Seneff did not understand what she had done to upset or offend Davis.

24. As Seneff was leaving, Seneff saw Davis and told her that she was sorry and did not mean to offend Davis.

25. As Seneff reached her car, McDougall called Seneff and yelled at Seneff for speaking with Davis.

26. On or about February 27, 2017, Seneff met with McDougall and Stanley when she returned to work, and Seneff was informed she was terminated effectively immediately.

27. Stanley told Seneff to call Darrell Daniel ("Daniel") of Human Resources and tell Daniel that Seneff wanted to attempt to resolve this matter through the problem solving process with IU Health.

28. Seneff attempted to resolve the problem through IU Health's internal problem solving process, but was informed that the termination decision was final on March 10, 2017.

29. At least two other technologists over the age of 60 who reported to McDougall have been terminated within the past two years.

30. Seneff was one of two technologists over the age of 60 reporting to McDougall at the time of her termination. McDougall is in her late 40s.

31. Seneff had no history of discipline and consistently met or exceeded IU Health's performance expectations. IU Health did not follow its progressive discipline policy prior to terminating Seneff.

### III. LEGAL ALLEGATIONS

### Count I: Age Discrimination in Employment, ADEA

32. Seneff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

33. Seneff is a member of a protected class in that she is over 40 years old.

34. Seneff suffered an adverse employment action when she was terminated from her employment because of her age.

35. IU Health discriminated against Seneff on the basis of her age by terminating her employment because of her age.

36. Seneff's age was the actual and proximate cause of IU Health's decision to terminate her employment.

37. IU Health willfully violated the Age Discrimination in Employment Act.

38. As a result of IU Health's willful violations of the ADEA, Seneff has suffered, and continues to suffer, damages in lost wages, compensation, and benefits.

## IV. RELIEF REQUESTED

Seneff requests the following relief:

a. All wages and other economic benefits lost as a result of Defendant's unlawful actions, including, but not limited to, back pay, front pay, and loss of future earning capacity;

b. Compensatory damages;

c. Liquidated damages;

d. Punitive damages;

e. Damages for emotional distress, mental anguish, and pain and suffering;

f. All costs and reasonable attorney fees incurred in litigating this action;

g. Pre-judgment and post-judgment interest; and

h. Any and all other legal and/or equitable relief to which Seneff is entitled.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
DELANEY & DELANEY LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205

## JURY DEMAND

Plaintiff, Jennifer Stewart, by counsel, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

_/s/ Kathleen A. DeLaney_____
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN 46205